UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RETIF OIL & FUEL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-7831** |
| **OFFSHORE SPECIALTY FABRICATORS, LLC ET AL.** | **SECTION "L" (3)** |

**ORDER & REASONS**

Before the Court is Plaintiff's motion for partial summary judgment. R. Doc. 18. Defendant Offshore International Group, Inc. responds in opposition. R. Doc. 21. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

I. BACKGROUND

This claim arises out of an alleged breach of a maritime contract. Plaintiff Retif Oil & Fuel, L.L.C. ("Retif Oil") is a Louisiana company. R. Doc. 1 at 1. Defendant Offshore Specialty Fabricators, L.L.C. ("OSF") is also a Louisiana company while Defendant Offshore International Group ("OIG") is a Delaware corporation. R. Doc. 1 at 2. Defendants *in rem* M/V BRAZOS EXPRESS, M/V LIGHTENING EXPRESS, AND M/V TYPHOON EXPRESS are United States flagged vessels owned by the Defendants. R. Doc. 1 at 2.

Plaintiff alleges that between August 10, 2015 and December 29, 2015 it provided fuel and lube to Defendant OSF and their vessels. R. Doc. 1 at 2. Plaintiff alleges that OSF asked for these provisions and promised payment. R. Doc. 1 at 3. Plaintiff provided OSF with invoices for these provisions and demanded payment. R. Doc. 1 at 3. Plaintiff alleges that OSF has failed to pay Plaintiff for the fuel and lube. R. Doc. 1 at 3. Plaintiff alleges that OSF has breached the contract between OSF and Retif Oil and in the alternative that Retif Oil provided the fuel and lube based on assurances that OSF would pay for them. R. Doc. 1 at 4. Additionally, Plaintiff alleges an

1

alternative claim for quantum meruit. R. Doc. 1 at 5.

Plaintiff also claims that OIG executed a guaranty agreement in favor of Retif Oil to pay money owed by OSF to Retif Oil. R. Doc. 1 at 5. Plaintiff has made a demand against OIG and OIG has failed to pay the invoices owed by OSF. R. Doc. 1 at 6. Plaintiff alleges that the listed vessels are owned by OSF and Retif Oil has recorded leins against the vessels. R. Doc. 1 at 6. However, Plaintiff states that the liens have not been satisfied. R. Doc. 1 at 7. Therefore, Plaintiff asks the Court for judgment against the Defendants for a damages including payment of the outstanding invoices, interest, expenses, attorney's fees, and court costs. R. Doc. 1 at 7. Plaintiff also asks that the Defendant vessels be seized and sold to satisfy the liens owed to Retif Oil. R. Doc. 1 at 8.

## II. PENDING MOTION

Plaintiff brings a motion for summary judgment against Defendant OIG. R. Doc. 18. Arguing that it is entitled to the entirety of OSF's debt plus legal interest, attorney's fees and costs, Plaintiff claims that it can recover these funds from OIG because OIG signed an authentic and duly executed Guaranty for the debt of its subsidiary OSF, which was never modified or amended and was executed with sufficient cause because it was done to induce Plaintiff to supply fuel and oil to OSF. R. Doc. 18-3.

Defendant OIG responds in opposition arguing that the Guaranty agreement obligates OIG to pay the debts of Offshore Specialty Fabricators, Inc. ("OSF, Inc.") rather than those of Offshore Specialty Fabricators, LLC ("OSF"). R. Doc. 21 at 3. Therefore, Defendant argues, OIG cannot be liable for any of the alleged fuel sales in this case. R. Doc. 21 at 3. Additionally, Defendant OIG claims that Plaintiff has failed to provide evidence that either OSF or OSF, Inc. approved the alleged fuel sales. R. Doc. 21 at 5. Defendant OIG argues that it cannot be held liable as a Guarantor

for obligations that are not proven. R. Doc. 21 at 4.

## III. LAW & ANALYSIS

### a. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party

opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### b. Analysis

Here, Plaintiff argues that Defendant OIG, as guarantor, is liable for the purchases of Defendant OSF. Defendant OIG responds arguing that it is the guarantor of OSF, Inc. rather than OSF. Documents submitted by Plaintiff demonstrate that current Defendant OSF, LLC used to be titled OSF, Inc. but was converted in 2009. R. Doc. 24. Generally, the effects of an entity conversion are that "[t]he liabilities of the converting entity remain the liabilities of the surviving entity." La. R.S. 12:1-955(2). Accordingly, for the purposes of any debt owed to Plaintiff, OSF, LLC and OSF, Inc. are the same entity. However, Defendant OIG has also raised the material fact issue of whether OSF approved the purchases from Plaintiff. Proof of approval cannot be demonstrated merely by the exchange of fuel and/or oil and invoices. Accordingly, sufficient evidence to support approval of the purchases is not presently before the Court. Rather, this is an issue of fact that is properly reserved for the trier of fact.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment, R. Doc. 18, is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE